## PEACOCK v. AUG. A. BUSCH & CO.
### (No. 699.)

(Court of Civil Appeals of Texas. Beaumont. May 20, 1921.)

1. **Evidence ⬯271(18)—Instrument signed by plaintiff held properly admitted when offered by plaintiff.**

In an action to recover balance due on note for $2,500, plaintiff was properly permitted to introduce in evidence an instrument signed by plaintiff, and not defendant, whereby plaintiff agreed to reconvey land when an older note was reduced to $2,500, as against an objection that it was in the nature of a self-serving declaration, plaintiff having the right to demand possession of such instrument after reconveying the property to defendant in whose hands the instrument had been originally placed.

2. **Evidence ⬯353(9)—Instrument signed only by party offering it held admissible.**

An instrument whereby plaintiffs agreed to reconvey land when an old note should be reduced to $2,500 need not be signed by defendant to be binding and effective on plaintiff, and was not inadmissible in an action on a new note for $2,500 when offered by plaintiff, in whose possession it then was, on the ground that witness, testifying that defendant had knowledge of the existence of the instrument and assented to its terms, was mistaken in a statement that defendant had signed, such mistake only going to his credibility.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by August A. Busch & Co. against Frank Peacock. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. W. Bounds, of Fort Worth, for appellant.

F. M. Fitzpatrick, of Waco, and Frank Oltorf, of Marlin, for appellees.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALKER, J. On the trial of this case, the appellees, plaintiffs below, offered in evidence the following instrument:

"Whereas, Frank Peacock and wife Alice Peacock has conveyed to Aug. A. Busch & Co., Adolphus Busch and Edw. A. Faust, doing business under the firm name of Aug. A. Busch & Co., by deed dated October 5th, 1914, part of lots No. 10 and No. 20, block No. 4 according to the official town map of Marlin, Falls county, Texas, said property being described in said deed. Now it is agreed by Aug. A. Busch, Adolphus Busch & Company, acting through H. H. Hartman, Manager Dallas Branch of Aug. A. Busch & Company that said Aug. A. Busch, Adolphus Busch and Edw. A. Faust, doing business under the firm name of Aug. A. Busch & Company, will reconvey said property to Frank Peacock and Alice Peacock within a reasonable time after the amount due Aug. A. Busch & Co., by said Frank Peacock is reduced by payment to twenty five hundred dollars.

"Signed this the 5th day of October, 1914.
"Aug. A. Busch & Co.,
"By H. H. Hartman, Mgr."

The only assignment in the record complains of the admission of this instrument, on the ground (copying from bill of exception) that said instrument "came from the possession of the plaintiff, was not signed by the defendant, and was in the nature of a self-serving declaration." The instrument did come from the possession of the plaintiff, and was not signed by the defendant.

Appellee instituted this suit against appellant to recover the balance due on a note for $2,500, dated the 8th day of March, 1916. It was their contention that this note represented the balance due on an old account, which, on the 5th day of October, 1914, amounted to $8,469.52. The record shows that this account was closed by a note on that date, and, to secure the payment of the note, appellant deeded to appellees certain valuable real estate. Appellees reconveyed all this property to appellant on the 24th day of February, 1916.

[1] H. H. Hartman, a witness for appellees, testified that he was the district manager for appellees during the time covered by the deeds above mentioned, and handled this transaction with appellant; that he accepted the deed from appellant on condition that he would have it reconveyed to him when the old note was reduced to $2,500; that appellant did reduce the old note to $2,500, and, under the contract the property was reconveyed to him; that at the time of the execution and delivery by Peacock of the deed he, as manager of appellees, executed the contract, of which appellant complains, and that appellant saw this contract, and signed it at that time. It was the contention of appellant, and he so testified, that he paid the old note in full at the time appellees redeeded him the property, and that the note sued on was executed by him to cover any possible sum that he might become due in the future; that, after the execution of the note, he bought large bills of goods from appellees, aggregating about $20,000, but paid cash for all goods so bought, and never afterwards became indebted to appellee in any sum; that he never paid appellees any sum on the note sued on, and the credits entered on the note were fictitious.

We do not think this testimony was subject to the criticisms urged. At the time this instrument was offered in evidence, it was properly in the hands of appellees. If their theory of the case is correct, when they executed their obligation by redeeding the property to appellant, they had the right to demand that he surrender to them this written obligation. Appellant no longer had any rights under it, and had no rights to its possession.

[2] Nor was it objectionable as being self-serving. While appellant denied any knowledge of the existence of the instrument until it was shown him on the trial, appellees testified that it was exhibited to him, and he assented to its terms. As it was not necessary for him to sign the contract to make it binding and effective against appellees, it was not made inadmissible on the ground that the witness was mistaken in his statement that appellant had signed it. This mistake in Hartman's testimony only went to his credibility, and, by entering judgment in favor of his principals, evidently the jury believed he was testifying truthfully.

The judgment of the trial court is affirmed.